## HILLIGSBERG'S EXECUTORS *v.* D. F. BURTHE.

Where two persons are interested in claims, and they are by consent of both parties placed in the hands of an attorney for collection, who was the son of one of the parties, an account rendered by him before the institution of suit between the parties is evidence against both of them, he being their common agent.

The art. 2829, C. C., declaring a partner liable for interest on sums he has taken out of the partnership does not apply to sums received by a partner during the course of business : on such sums he cannot be made liable for interest until he becomes a defaulter in paying them over. C. C. 2984.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Roselius*, *Bernard* and *LeGardeur*, for plaintiffs. *Micou* and *V. Burthe*, for defendant. The judgment of the court was pronounced by

PRESTON, J. In 1836, *L. G. Hilligsberg* and the defendant sold fifty-nine lots of ground, in the rear of the Second Municipality, to *Richard Hagan*, for the price of sixty thousand dollars, payable one-sixth in cash, and the balance at a credit of one, two and three years. For the credit payments, a large number of notes were taken, secured by special mortgage, representing the price of the separate lots. The cash payment was divided, and the notes provisionally. Some of the drawers and endorsers of the notes failed; many of them were protested, and an attorney was employed by the parties to collect them on their joint account.

It required much time to realize the proceeds; many of the lots were purchased under the special mortgages and re-sold. Considerable expenses were incurred and taxes and municipal dues paid.

The executors of *Hilligsberg* and the defendant having disagreed as to the final settlement and division between them and the proceeds of the notes, this suit was instituted for that purpose. The parties respectively filed accounts, which differed materially; and the court, considering that the case involved the investigation of long and intricate accounts, very properly referred them to auditors.

The auditors received all the evidence offered by the parties; examined the accounts with great care, and made a very clear and detailed report. Both

parties opposed it.  Nevertheless, the court after a full examination of the <span></span>Hilligsberg's
evidence and report, homologated it by judgment, from which the executors of  Executors
*Hilligsberg* have appealed ; and the defendant also claims that the judgment be   Burthe.
amended in conformity to his opposition to the auditors' report.

We have carefully examined the opposition of the defendant to the report, and
the evidence and argument of his counsel in support of it, but do not think it
tenable.  The items charged to the defendant by the auditors, but objected to,
were admitted by him in the original account filed with his answer.  The fact
that he and *Hilligsberg* both signed an act acknowledging payment of the notes
and raising the special mortgage, does not destroy the weight of this admission. It
is very possible the act of acquittance and release of mortgage was signed by
them at different times, and that one of them alone received the sums paid.

On the other hand, some of the grounds of opposition to the report filed by
the plaintiffs are well founded, and the amendments claimed should have been
allowed by the court.

As has been stated, many of the notes given for the property could only be
collected by suits, and for this purpose, a common attorney was employed by the
parties, being the son of the defendant.  He brought many suits, and collected
money, and purchased back for the parties property to the amount of upwards
of thirty thousand dollars; for which he was paid fees by the parties to the
amount of twenty-five hundred dollars.  He paid over the money collected,
sometimes to one and sometimes to the other party, and rendered them a final
account of his collections.

The plaintiffs offered the account rendered by him in evidence, which was
objected by to defendant's counsel, and rejected by the court, on the ground that it
was *res inter alios acta*, and not binding upon the defendant; and because fur-
ther, it emanated from a son who could not be a witness against his father.  It
was an account of the common agent of the business of both parties, rendered
long before there was any controversy between them.  It was not, therefore,
*res inter alios acta*, but binding upon both parties until proved to be incorrect.
1 Starkie on Evidence, 42.

In this account, a sum of four hundred and twenty-one dollars forty-nine cents
is charged, as having been handed over to the defendant.  It being thus ascer-
tained that the money was paid to *Mr. Burthe*, the auditors presume he handed
it over to *Mr. Hilligsberg*, because the note of which it was the proceeds fell
to him in the provisional partition.  The suits also on this and some other notes
was instituted in the name of *Hilligsberg* alone.  These were sufficient reasons
to have induced the attorney to have handed the proceeds to the latter, rather
than the defendant; but as he did not, we do not see sufficient reason to presume
that the defendant did so, and think he should be charged with this sum.

The defendant admitted in the account filed with his answer, the receipt of
$1646 38 8-9, being part of the proceeds of lots eight, nine, twenty-six and
twenty-seven ; but the auditors charge him with only $1368 61, making a differ-
ence of $277 77.  This is evidently an error.  The counsel of the defendant
has endeavored to show that there was an error only to the amount of $107 ;
but he omits in his calculations two items brought to our notice by the plaintiffs,
which increase the sum to the amount admitted by the defendant to have been
received by him.

The defendant charged himself, in the account first rendered by him, with
$1604 21 for proceeds of lots forty-six and fifty-seven.  A notarial acquittance
was given by both him and *Hilligsberg*, in order to release the special mortgage

HILLIGSBERG'S upon the lots.  The light presumption arising from the act that each received
EXECUTORS half the money, is not sufficient to counteract the admission by the defendant
*v.*
BURTHE. made long afterwards, that he received the whole, and not the half, as has been
done by the auditors.

The defendant admitted, in his first account, a sum of $1150 received from
the attorney charged with the collection of the notes.  It is not stated in his
account from what lots this sum proceeded.  But it appears from the account
of the attorney, that he paid to the defendant the sum of $938 08, being part of
the proceeds of lot thirty-seven received by him, and which is not specifically
mentioned in defendant's account.  The auditors charge him with the last
amount.  The evidence shows that the lot sold for $1050, leaving $111 92
unaccounted for.  The full amount of the order of seizure for debt, interest
and costs of lot number thirty-two was made, amounting to $634, whilst but $534
was accounted for, leaving a deficiency of $100.  These two items, added to the
sum with which the auditors have charged the defendant, make the $1150
admitted by him to have been received from the attorney, and he should be
charged with the whole amount, increasing his account $211 92.

It is impossible for us to establish an interest account, or to say that the audi-
tors erred in not doing so.  The testator and his executors, if they suffer on this
account, should have sought an earlier liquidation of their claims; and as the suit
has been protracted by their claiming more than they have been able to estab-
lish, we think interest should be allowed to run only from the present time.  ·

The article 2829 of the code refers to sums drawn by a partner from the firm,
not to sums received by the partner in the course of the business of the firm,
and the partner receiving such sums cannot be considered a defaulter as to the
share of his partner in such sums, so as to be embraced within the provisions of
article 2984 of the code, until there is a liquidation of the partnership.

We think $1468 43 should be added to the balance found by the auditors
against the defendant.

The judgment of the district court is therefore reversed ; and it is decreed,
that the plaintiffs recover from the defendant the sum of one thousand nine
hundred and fifty-three dollars fifty cents, with interest from this date, and
costs.